UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAKHIM URAZOV, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>TRUMP TOWER COMMERCIAL LLC and )<br>TRUMP TOWER CONDOMINIUM, )<br>)<br>  Defendants. )<br>_____) | Case No. |

## COMPLAINT

Plaintiff Rakhim Urazov ("Urazov") brings this case against Defendants Trump Tower Commercial LLC and Trump Tower Condominium (collectively referred to as "Trump Tower"), seeking a declaratory judgment of his rights pursuant to 28 U.S.C. § 2201 and unpaid overtime wages pursuant to New York Labor Law, Article 19, §§ 650, *et seq.* ("NYLL").

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 2201 and 1331 because Plaintiff seeks a declaratory judgment as to a question arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

1

## PARTIES

*Plaintiff*

4. Plaintiff Rakhim Urazov is an adult resident of Brooklyn, New York. From approximately 2003 to February 2014, Mr. Urazov worked at the Trump Tower in New York, New York as a non-exempt, hourly-paid security guard, assistant security supervisor, and porter. Trump Tower is a mixed-use (residential and commercial) building located at 725 Fifth Avenue, New York, NY 10022.

5. Defendants failed to pay Urazov overtime compensation at a rate of one and one-half his regular hourly rate of pay for all of the hours he worked in excess of 40 in a workweek.

6. At all times relevant, Plaintiff was an employee of Defendants within the meaning of the FLSA and NYLL.

7. At all relevant times, as an employee of Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendants*

8. Defendant Trump Tower Commercial LLC is a limited liability company located in New York. Trump Tower Commercial LLC issued W-2s to Plaintiff.

9. Defendant Trump Tower Condominium is an unregistered business entity which owns and operates residential condominiums located within the Trump Tower. Trump Tower Condominium issued W-2s to Plaintiff.

10. At all relevant times, both Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

11. At all relevant times, Trump Tower was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s). Defendants jointly employed Plaintiff under the FLSA and NYLL.

12. At all relevant times, Trump Tower has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

13. At all relevant times, Trump Tower achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

14. Defendants issued paychecks to Plaintiff during his employment.

15. Defendants directed the work of Plaintiff and benefited from work performed that Defendants suffered or permitted from Plaintiff.

16. Defendants did not pay Plaintiff overtime premium compensation for all of the hours he worked for Defendants' benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

17. From approximately 2003 to about February 2014, Plaintiff worked for Trump Tower in a number of different capacities.

18. Plaintiff typically worked at Trump Tower five days per week and worked approximately 55 hours per workweek.

19. Approximately two days per workweek, Plaintiff's shifts were 17 hours long and he worked approximately 15.5 hours per shift at Trump Tower. On those days, Plaintiff typically began work at approximately 7:00 a.m. and ended work at approximately midnight. Plaintiff performed porter duties in the common areas of the residential floors located within Trump

Tower beginning in the morning until about 3:00 p.m. and then performed security duties until midnight.

20. On the other three days per workweek, Plaintiff's shifts were 8.5 hours long and he worked approximately 8 hours per shift each day performing security duties.

21. At all relevant times, Trump Tower paid Plaintiff on an hourly basis.

22. At all relevant times, Trump Tower tracked Plaintiff's time by requiring him to clock in and out on a company time clock.

23. At all relevant times, Plaintiff was not paid overtime compensation at time and a half of his regular rate of pay for all hours worked over 40 in a workweek.

24. To avoid paying Plaintiff overtime compensation due to him for hours he worked over 40 in a workweek, Trump Tower required Plaintiff to sign a document purportedly waiving his rights to be paid overtime compensation. Trump Tower did not provide Plaintiff with a copy of the document he was required to sign.

25. Through its unlawful actions, Trump Tower has deprived Plaintiff of overtime wages owed to him, in violation of the FLSA and NYLL.

26. Trump Tower failed to pay overtime premium compensation to Plaintiff for hours worked over 40 in a workweek.  Trump Tower knew or should have known that Plaintiff should have been paid overtime premium compensation at a rate of one and one-half times his regular hourly rate for all hours worked over 40 in a workweek.

27. Trump Tower did not act in good faith because it required Plaintiff to sign an unenforceable waiver of a right to overtime compensation and because Trump Tower did not take the requisite steps to ensure that its manner of compensating Plaintiff complied with the FLSA and NYLL.

**COUNT I – DECLARATORY JUDGMENT**

28. Plaintiff realleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

29. "An employee cannot waive his right to the minimum wage and overtime pay because waiver 'would nullify the purposes of the [FLSA] and thwart the legislative policies it was designed to effectuate.'" *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2015) (quoting *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981)).

30. Plaintiff seeks entry of a Declaratory Judgment pursuant to 28 U.S.C. § 2201 that the waiver of rights Trump Tower required him to sign is unenforceable under the FLSA.

**COUNT II – NEW YORK LABOR LAW**

31. Plaintiff realleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

32. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYLL.

33. Trump Tower employed Plaintiff as an employee in New York.

34. Trump Tower failed to pay Plaintiff for overtime hours worked at a wage rate of one and one-half his regular rate of pay to which he is entitled under the NYLL.

35. Due to Trump Tower's violations of the NYLL, Plaintiff is entitled to recover from Trump Tower his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, pre-judgment and post-judgment interest, and such other relief as provided by law.

## COUNT III – NEW YORK LABOR LAW

36. Plaintiff realleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

37. New York Labor Law § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

38. New York Labor Law § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

39. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

40. New York Labor Law § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

41. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

42. Defendants failed to comply with the notice and record keeping requirements of New York Labor Law § 195, resulting in penalties under New York Labor Law § 198 for Plaintiff.

## JURY DEMAND

Plaintiff demands a trial by jury on all of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a. A Declaratory Judgment that waiver of Plaintiff's right to receive overtime pay is unenforceable under the FLSA;

b. An award of all damages for unpaid wages and compensation due to Plaintiff under the NYLL;

c. An award of liquidated damages pursuant to the NYLL;

d. An award of statutory damages and penalties pursuant to the NYLL;

e. Attorneys' fees and costs;

f. Pre- and post-judgment interest; and

g. Any other relief to which Plaintiff may be entitled.

Dated: May 9, 2018                                            Respectfully submitted,

*/s/ Michael Palitz*

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Tel:   (800) 616-4000
Fax:   (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432

                Tel: (561) 447-8888
                Fax: (561) 447-8831
                gshavitz@shavitzlaw.com

*to apply for admission *pro hac vice*  **Attorneys for Plaintiff**